# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| THOMAS BELTON, MAURICE GREEN, and MONYAL McLARTY, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALAMO CLAIM SERVICE, PETER PERRINE, THORLIN LEE, DAVID SERFASS, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | No. 12-cv-1306 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Thomas Belton's Motion for Protective Order (d/e 42) (Motion) and Motion to Amend Plaintiff's Proposed Protective Order (d/e 51) (Motion to Amend). Belton asks the Court to bar Defendants Alamo Claim Service (Alamo), Peter Perrine, Thorlin Lee and David Serfass (collectively the Alamo Defendants) from: (1) threatening him or any putative class member; (2) publicizing Belton's 2005 felony convictions; and (3) retaliating against him or any putative class member. Belton also asks the Court to strike portions of

Alamo Defendants' Response to Plaintiffs' Motion to Conditionally certify A FLSA Collective Action and Send Notice (d/e 35) (Alamo Brief) and portions of the Declaration of Thorlin Lee attached to the Alamo Brief.  The Motion to Amend clarifies that Belton seeks no relief against Defendant State Farm Automobile Insurance Company (State Farm).  For the reasons set forth below, the Motion is denied, and the Motion to Amend is denied as moot.

## BACKGROUND

From November 2011 to June 2012, Belton worked as an insurance claims adjuster under a contract with Defendant Alamo Claims Service (Alamo).  Alamo is owned by the three individual Alamo Defendants.  Alamo assigned Belton to work at State Farm pursuant to a contract between State Farm and Alamo.  Belton alleges that he and the other adjusters who worked under this arrangement were employees who were denied overtime pay to which they were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1-15.  Second Amended Complaint (d/e 49).  Belton and the other plaintiffs seek to bring a collective action under the FLSA and a class action under the IMWL on behalf of themselves and similarly situated adjusters.  Second Amended Complaint, ¶¶ 66-84.

On September 28, 2012, Belton filed a Motion to Conditionally Certify an FLSA Collective Action and Order Notice to be Sent to the Class (d/e 20) (First Motion to Certify FLSA Class), and a Motion for Class Certification of Illinois Minimum Wage Law Claim and Request for Discovery on Class Certification Issues (d/e 21) (First Motion to Certify IMLW Class).  The Alamo Defendants filed the Alamo Brief and Lee Declaration in response to the Motion to Certify FLSA Class.

The Alamo Defendants asserted in the Alamo Brief that they have a defense that is specific to Belton based on his felony convictions and a federal statute, 18 U.S.C. § 1033 (Belton Defense).[1]  The Alamo Defendants argued that the existence of the Belton Defense that is specific to Belton creates a conflict of interest between him and the other putative plaintiffs.  Alamo Brief, at 9-11.

The Plaintiffs subsequently filed the Amended Complaint (d/e 47) and the Second Amended Complaint, thereby rendering moot the First Motion to Certify FLSA Claim.  Local Rule 7.1(E).  The Plaintiffs have now

---

[1] In 2005, Belton pleaded guilty to state charges of issuing worthless checks and unauthorized use of credit cards, in violation of LSA-R.S. 14:71 and 14:67-3.  Alamo Brief, attached Declaration of Thorlin Lee, Exhibit C, State of Louisiana v. Belton, Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of Guilty Plea (Jefferson Parish District Court Case Nos. 03-3731 and 04-8121, March 28, 2005).  The Alamo Defendants argued that because of this conviction, Belton's work as an insurance adjuster violated federal law, 18 U.S.C. § 1033.  Section 1033 makes it a federal crime for a person who has been convicted of a felony involving dishonesty or breach of trust to work in the business of insurance that affects interstate commerce.  The Alamo Defendants then argued that Belton is not entitled to recover any compensation for his employment as an adjuster because his employment was illegal, in violation of § 1033.  Alamo Brief, at 9-11.

renewed the Motions to certify.  <u>Motion For Class Certification Of Illinois Minimum Wage Law Claim And Request For Discovery On Class Certification Issues (d/e 56)</u>; <u>Plaintiffs' Motion To Conditionally Certify A FLSA Collective Action And Send Notice To The Class (d/e 57)</u>.  These motions are pending before the District Court.

The Alamo Defendants have also subsequently pleaded the Belton Defense as an affirmative defense to Belton's claim.  <u>Answer to Second Amended Complaint (d/e 54)</u>, <u>Seventh Defense</u>.

<u>ANALYSIS</u>

Belton asks the Court to strike references to his criminal convictions and 18 U.S.C. § 1033 from the Alamo Brief and the Lee Declaration and to bar all further references from this case.  The Alamo Defendants oppose the Motion.

The Alamo Defendants have raised these matters as part of their legal arguments in this case.  They have now also raised the matter as an affirmative defense.  In doing so, defense counsel has certified that the Alamo Defendants have not filed these arguments for an improper purpose; the arguments are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and the factual contentions have evidentiary support.  Fed. R. Civ. P.

11(b); Local Rule 11.4. Belton contends that this certification is false. He contends that the Alamo Defendants raised this matter for an improper purpose to harass and intimidate him and the other putative plaintiffs.

The proper way to challenge the propriety of a filing is a motion for sanctions under Rule 11(c). Rule 11 prescribes particular procedures to seek sanctions. Fed. R. Civ. P. 11(c)(2). Belton has not followed these required procedures. The matter, therefore, is not properly before the Court. If Belton has a proper basis to challenge whether the Alamo Brief and other filings violate Rule 11, he should follow the appropriate procedures to put the matter at issue.

Belton argues that this Court should bar the Alamo Defendants' use of this defense as an improper effort to intimidate and harass Belton and other putative plaintiffs. The cases on which Belton relies involve situations in which defendants employers sent improper communications directly to class plaintiffs or putative plaintiffs. E.g., Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1197 (5th Cir. 1985). Belton identifies no such communications here. Belton's complaint centers on the propriety of one of the Alamo Defendants' legal arguments raised in a pleading and

memorandum filed in this Court. These cases, therefore, do not apply.[2] See also Steffes v. Stepan, 144 F.3d 1070, 1076 (7th Cir. 1998) (disputes regarding litigation tactics in most cases should be addressed under the Rules).

Rule 11 sets the standard for the propriety of raising a legal argument in documents filed in proceedings before this Court. If Belton has a proper basis for seeking sanctions under Rule 11, he may do so. Until he does, this Court declines to interfere with a party's ability to raise a legal argument in a filed pleading or memorandum, including the Belton Defense or related arguments. Because Belton has not sought relief under Rule 11, the Court does not comment on either the propriety of, or the merits of, the Belton Defense and related arguments.

WHEREFORE Plaintiff Thomas Belton's Motion for Protective Order (d/e 42) is DENIED and his Motion to Amend Plaintiff's Proposed Protective Order (d/e 51) is DENIED as moot.

ENTER: February 22, 2013

s/ Byron G. Cudmore<br>UNITED STATES MAGISTRATE JUDGE

---

[2] If the Alamo Defendants send improper letters or communications to the Plaintiffs or putative plaintiffs, Belton may of course renew this Motion.